Mr. Justice HUNT
 

 delivered the opinion of the court.
 

 In looking into the record we.do not find that the question of the jurisdiction of the State courts over Mrs. Fritto.n’s claim, now made in the argument of the learned counsel of the assignees, was anywhere made in the courts below. It does not appear to have been made before the auditor, or before the Supreme Court on appeal. On the contrary, it affirmatively appears that the assignees submitted the question of the title to the fund to both of these courts, and asked its decision in their favor. In the proceeding before the auditor, before the jury passed on the questions of fact, this was the case. After the jury had passed upon them the counsel for the assignees again appeared before the auditor, claiming the fund and insisting that under the findings of
 
 *418
 
 the jury Born was an insolvent when he executed the warrant of attorney t’o-Mrs. Fritton; that it was given to secure a prior debt, and was a fraud upon the provisions of the Bankrupt Act.
 

 So, upon the appeal to the Supreme Court, the same ground was taken.
 

 In all these instances the assignees submitted the decision of their claims to the State courts, and, in asking those courts to decide in their favor, necessarily asked them to decide the case.
 

 While the assignees have made sufficient objection to the judgment rendered against them, we nowhere find an objection to the power of the court to render a judgment. An objection that the court has not decided correctly is a very different thing from an objection that the court has no power to decide.
 

 The present was the case of the foreclosure of a mortgage, under the State laws. The disposition óf any surplus that might arise from a sale On such mortgage, under a proceeding in the State courts,
 
 primá facie
 
 belonged to the State courts. The subject-matter was within their jurisdiction, and under their control. If special circumstances existed which altered that result, it was the duty of the party making such claim to state them and ask a ruling accordingly. Nothing of the kind was done in the present instance.
 

 To be available here an objection must have been taken in the court below. Unless so taken it will not be heard here. It is not competent to a party to assent to a proceeding in the court below, take his chance of success, and, upon failure, come here and object that the court below had no authority to take the proceeding. This point comes before us at every term and is always decided the same way.
 
 *
 

 We are not called upon, therefore, to decide whether, in
 
 *419
 
 a case like the present, the State court having the fund in its possession, was competent-to proceed to its distribution, or whether if demand had been made, there having been previous to that time a decree of bankruptcy and the appointment of assignees, the whole subject should have been remitted to the United States court.
 
 *
 

 The- assignees contend further, that the judgment below was erroneous for the reason that the judgment of Mrs. Fritton was void under the Bankrupt Act, and .that she ivas not.entitled to the fund awarded to her. This is the question and the only question which was litigated by the assignees in the State courts.
 

 The thirty-ninth section of the Bankrupt Act defines what acts of the debtor afford grounds for declaring him to be a bankrupt upon the petition of his creditor, among wliich are the following: “ Or who being bankrupt or insolvent,.. . . shall make any payment, gift, grant, sale, ... or give any warrant to confess judgment, or procure or suffer his property to be taken on legal process with intent to give a preference to one or more of his creditors.” The Bankrupt court, on the 81st of January, 1868, adjudged that Born had committed some of the acts in this section specified, by reason of which his creditor was entitled to have him declared a bankrupt.
 

 Whether Mrs. Fritton shall retain this fund or shall lose it, depends upon the thirty-fifth section of the same act. That section enacts that if any person being insolvent or in contemplation of insolvency, and within four months before the filing a petition by or against him, with a view to give a preference, procures his property to.be attached or seized on execution, or makes any payment, pledge, transfer, or who shall within six months make any sale, transfer, conveyance, or other disposition of his property to any person having reasonable cause to believe that such person is insolvent, and such payment, &c., is made in fraud of the pro
 
 *420
 
 visions of this act, the same shall be void and the assignees may recover the property, &c., from the person so to be benefited.
 

 To authorize the assignees to recover the money or property under this section, it is necessary that lie should establish the act. of the bankrupt, not only of which he complains, but. also that it was done with a view to give a preference over other creditors, and that the other party to the transaction had reasonable cause to believe that such person was insolvent. For a full discussion of the law on this general subject, see the recent case of
 
 Wilson
 
 v.
 
 City Bank.
 

 *
 

 In the case before us, both of these necessary facts have been found against the assignees. In answer to the second inquiry submitted- to them, the jury said that Mrs. Fritton had not reasonable cause to believe that Born was insolvent at the time he executed the -warrant of attorney. In answer to the further inquiry, they said that this warrant of attorney was not given with, a vie\v to a preference over other creditors. The warrant of attorney cannot, therefore, be held void under the thirty-fifth section of the Bankrupt law. That section does not reach it, and as the act of the parties was valid under the statutes of'Pennsylvania, there is nothing to impeach its validity.
 

 We have not the evidence before us, and we must assume that the verdict of the jury is right. The statute assumes that there may be cases where the various acts of convey-, anee and disposition may bo made, which would not amount to giving a preference.
 

 We are of the opinion that the judgment of the Supreme Court of Pennsylvania was right, and that it should be
 

 Affirmed.
 

 *
 

 Brown
 
 v.
 
 Clarke, 4 Howard, 4; Phelps
 
 v.
 
 Mayer, 15 Id. 160; Turner
 
 v.
 
 Yates, 16 Id. 14; Camden
 
 v.
 
 Doremus, 3 Id. 515; Bank
 
 v.
 
 Kennedy, 17 Wallace, 19; Read
 
 v.
 
 Gardner, Ib. 409; Ray
 
 v.
 
 Smith, Ib. 412; Insurance Co.
 
 v.
 
 Folsom, 18 Id. 237; Town of Ohio
 
 v.
 
 Marcy, Ib. 552; Lucas
 
 v.
 
 Brooks, Ib. 436; Shutte
 
 v.
 
 Thompson, 15 Id 151; Prout
 
 v.
 
 Roby, Ib. 472.
 

 *
 

 See Marshall v. Knox, 16 Wallace, 551.
 

 *
 

 17 Wallace, 473; see also Bump on Bankruptcy, 532-542, 547.