# Wytheville.

EUBANK AND CALDWELL, INCORPORATED, v. R. H. FULLER.

June 18, 1931.

Present, Prentis, C. J., and Holt, Epes, Gregory and Browning, JJ.

The opinion states the case.

*James S. Easley* and *Caldwell, Chaney & Loyd,* for the plaintiff in error.

*McKinney & Settle* and *Harris, Harvey & Brown,* for the defendant in error.

GREGORY, J., delivered the opinion of the court.

At its May term, 1930, Eubank and Caldwell, Inc., after due notice to R. H. Fuller, moved the Circuit Court of Halifax county to vacate and annul a certain judgment which had been entered in its common-law order book, which reads as follows:

"Virginia: In the Circuit Court of Halifax county, on Friday the 31st day of January, 1930, nineteen hundred and thirty.

"Present: The Hon. E. W. Hudgins, Judge.

"R. H. Fuller, Plaintiff
       vs.
"Eubank & Caldwell, Inc., Defendant.

"On motion by the defendants to set aside verdict of jury.
"By consent of parties by counsel, it is ordered that this matter be heard and determined and this order entered as of January 31, 1930, and shall in all respects be considered as entered on said date.
"This day came the parties by counsel, and the defendant having heretofore moved the court to set aside the verdict of the jury rendered in favor of the plaintiff on the 11th day of

September, 1929, on the ground that the said verdict is contrary to the law and the evidence, and the court, having heard the argument of counsel for and against the said motion, doth overrule said motion and doth consider that the plaintiff recover from the defendant the sum of ($3,500.00) thirty-five hundred dollars, with interest thereon to be computed after the rate of six per centum per annum from the 1st day of December, 1928, until paid, being the debt and interest assessed by the jury in their verdict as aforesaid, together with his costs by him about his suit in this behalf expended. And the defendants by counsel excepted to the action of the court in overruling their motion for a new trial; on motion of the defendant, execution upon this judgment is suspended for the period of ninety days, in order that the defendant may apply to the Supreme Court of Appeals for a writ of error from this judgment, if they should be so advised; upon the execution by the defendant of a suspending bond in the sum of $5,000.00, conditioned according to law, with security approved by the clerk of this court."

The ground upon which the motion was made is that this judgment was rendered and the entry thereof made upon the order book on February 7, 1930, by Judge E. W. Hudgins, former judge of the Circuit Court of Halifax county, who had resigned, effective as of midnight January 31, 1930, and had qualified as a Justice of the Supreme Court of Appeals of Virginia on February 1, 1930, and therefore he was not the judge of the Circuit Court of Halifax county on February 7th, when the judgment was rendered.

The trial court held that the judgment was valid, and denied the motion of Eubank and Caldwell, Inc., and it is to this ruling of the trial court that Eubank and Caldwell, Inc., assign error.

The record shows, beyond doubt, that counsel for the plaintiff in error, with full knowledge of the fact that Judge Hudgins would not be the judge of the Circuit Court of Hali-

fax county on February 7, 1930, suggested that he enter final judgment in this case on that date; that he expressly agreed and consented to the entry of the judgment on that day by Judge Hudgins; that he agreed that the order should be entered as of January 31, 1930, at which time Judge Hudgins was the judge of said court; that on February 7, 1930, he appeared in court, and instead of raising objection then to Judge Hudgins as the presiding judge, he actively participated in the entry of the judgment; that, after the entry of the judgment in the present case, he moved for a suspension of execution for ninety days, which was granted by the court on condition that a suspending bond of $5,000.00 be given; that he prepared bills of exception and the record at a cost of $200.00 for the purpose of applying for a writ of error to said judgment; that he accepted and treated the said judgment as valid and binding in all respects until April 7, 1930, two months after its rendition, and that if the sixty-day period for having the bills of exception signed had not expired, the validity of the judgment would not have been questioned.

Under these undisputed facts, the plaintiff in error is clearly estopped to deny the validity of the judgment, even though it may be void.

■ When a party expressly consents and agrees to the entry of a void judgment, with full knowledge of its invalidity, accepts the benefits of it, accepts and treats it as valid and binding in all respects, he will not be permitted later to show its invalidity for he is estopped. He is not permitted to affirm its validity and later repudiate it. He cannot claim that it is valid and later claim that it is void.

■ Parties may lawfully agree to confirm a void judgment. It may be accepted as valid by their consent.

■ In addition to expressly consenting to the entry of the judgment in this case, counsel has completely ratified and confirmed it. He accepted its validity and finality and dealt with it as an appealable judgment. He moved for a suspension of

execution, prepared the bills of exceptions and the record for a writ of error. He is now estopped by ratification to deny its validity.

■ This court should not set aside an agreement made between attorneys with full knowledge of all the circumstances and acted upon by a judge who at the time of the agreement was the duly qualified judge of the court in which the agreement was to be performed.

The ends of justice demand that this court should hold that the plaintiff in error is estopped to attack the judgment.

The judgment of the trial court is affirmed.

*Affirmed.*

HOLT and EPES, JJ., dissenting.