# 𝕽𝖎𝖈𝖍𝖒𝖔𝖓𝖉

P. H. SMITH, TRUSTEE OF THE ESTATE IN BANKRUPTCY
OF DIXIE SPLINT COAL COMPANY v. SCOTT LITTON.

November 12, 1936.

Present, All the Justices.

The opinion states the case.

*C. W. Hamilton* and *M. M. Heuser*, for the plaintiff in error.

*I. M. Quillen* and *M. M. Long*, for the defendant in error.

CAMPBELL, C. J., delivered the opinion of the court.

Plaintiff in error filed in the Circuit Court of Russell county his motion to set aside and annul a purported judgment confessed by the Dixie Splint Coal Company, Incorporated, in favor of Scott Litton, for the sum of $33,468.89.

It appears that Litton was the president and chief stockholder of the corporation, and P. H. Smith, trustee in the instant case, was secretary and treasurer of the corporation. Acting as secretary and treasurer, Smith, on the 2nd day of June, 1933, confessed the judgment in question. No question is made as to the validity of Litton's claim against the corporation or his right to obtain a lien in his favor against other creditors.

On March 19, 1934, an execution was issued on the Litton judgment and levied upon the tangible personal property of the corporation. On the 31st day of May, 1934, an execution was issued upon a judgment for $9,000 obtained by Mrs. Jean McNeil Pepper, executrix, against the corporation. On the 14th day of June, 1934, the property was sold under the execution issued on the Litton judgment. At this sale Litton became the purchaser; at the price of $3,200.

In the meantime the Clinchfield Coal Company notified the sheriff of Russell county that by reason of a prior lien upon the property of the Dixie Splint Coal Company, it was entitled to the sum of $2,153 out of the proceeds of sale. Thereupon, the sheriff instituted interpleader proceedings in the

circuit court, to which Litton, Jean McNeil Pepper, executrix, and the Clinchfield Coal Company were made parties defendant.

The executrix filed her answer in the interpleader proceeding, whereby she agreed, without prejudice, that the Clinchfield claim should be paid. Again, on November 1, 1934, after the Dixie Splint Coal Company had become a bankrupt, by order duly entered in the interpleader proceeding, the executrix agreed that the residue of the fund derived from the sale under the Litton execution should be paid to P. H. Smith, trustee.

It clearly appears from the record that Jean McNeil Pepper, executrix, is the sole creditor represented by the trustee in this litigation, and there can be no other inference than that this proceeding is for her sole benefit. This view is fortified by the fact that the executrix has dismissed a bill filed by her to have the Litton judgment vacated and annulled.

It was the contention of the plaintiff in the lower court that the Litton judgment is void, for the reason that it was confessed on behalf of the corporation by P. H. Smith, secretary and treasurer, and not by a duly appointed attorney in fact, in compliance with the provision of section 6130a of the Code 1930.

The record showing the confession of judgment fails to disclose any appointment of or confession by an attorney in fact, and upon that record the trial court held the judgment void and subject to attack by the trustee in bankruptcy. No proper cross-error having been assigned, it becomes unnecessary to discuss this holding of the trial court in favor of the plaintiff.

The first contention of the defendant is that whether or not the Litton judgment is void, plaintiff, by his action in filing his petition in the interpleader proceeding, seeking the custody of the fund arising from the sale under the Litton execution, is estopped from questioning its validity. The second contention is that Jean McNeil Pepper, executrix, being the sole creditor represented by the trustee, having elected to treat the Litton judgment as valid when it was to her

interest to do so, her acts are as binding upon the trustee as if she were the principal litigant in this proceeding.

The trial court held that the trustee in bankruptcy, representing a sole creditor, stood upon the same plane as the creditor, and being of opinion that Jean McNeil Pepper, executrix, was estopped to deny the validity of the Litton judgment, it followed that the trustee was also estopped from denying its validity. It is from that holding that this writ of error was allowed.

When seeking to obtain the balance of the proceeds derived from the sale of the corporation property under the Litton execution, Jean McNeil Pepper, executrix, necessarily recognized the validity of the Litton judgment and execution. Though a party to the interpleader proceeding, Smith, trustee, instead of questioning the validity of the Litton judgment, acquiesced in and agreed to a disbursement of the fund by the court.

The executrix had the unquestioned right to treat the Litton judgment as void and seek its annulment. Likewise, she had the right to treat the judgment as valid and to obtain the benefits accruing to her under the judgment.

In *Eubank & Caldwell* v. *Fuller*, 156 Va. 635, 158 S. E. 884, 885, Justice Gregory held that when a party agrees to the entry of a void judgment, with full knowledge of its invalidity, and accepts the benefits under it, he will not be permitted later to show its invalidity. It was also held in that case that "Parties may lawfully agree to confirm a void judgment. It may be accepted as valid by their consent."

In *Johnson* v. *Powhatan Min. Co.*, 127 Va. 352, 362, 103 S. E. 703, 706, Prentis, J., quoted with approval this language from *Smith* v. *Baker*, L. R., 8 C. P. 350, 42 L. C. P. 155:

"A man cannot say at one time that the transaction is valid and thereby obtain some advantage to which he could only be entitled on the footing that it is valid, and at another time say it is void for the purpose of securing some further advantage."

That the Clinchfield Coal Company was by agreement paid the sum due it by the Dixie Splint Coal Company is be-

yond question. To permit the executrix, or the trustee who represents her as the sole creditor of the corporation, to nullify their action and require the Clinchfield Company to repay the sum paid to it would be inequitable.

In holding in this case that the rights and interest of the trustee in bankruptcy are nominal and technical, the trial court was clearly correct. While it is generally true that the rights of a trustee in bankruptcy are in some circumstances paramount to those of the bankrupt and the creditors, it is also true that when it appears that such rights are technical, the issues in the specific case will be determined according to the rights of the real parties in interest.

In Remington on Bankruptcy (4th Ed.), volume 4, page 361, section 1543, it is stated that where all of the creditors are estopped to avoid an alleged fraudulent transfer the trustee in bankruptcy is likewise estopped. *Durrett* v. *Harris*, 148 Ark. 4, 228 S. W. 386, 388.

A trustee in bankruptcy is governed by the same laws applicable to other trustees and it seems to be the settled doctrine that a trustee may be estopped from asserting rights which his *cestui que trust* would be estopped from asserting. 65 C. J. 955, etc.

There is no error in the judgment complained of and it is affirmed.

*Affirmed.*