### LITTON v. PEPPER (two cases).

### In re DIXIE SPLINT COAL CO. (two cases).
Nos. 4378, 4392.

Circuit Court of Appeals, Fourth Circuit.
Jan. 9, 1939.

Henry Roberts, of Bristol, Va. (Ira M. Quillen, of Lebanon, Va., on the brief), for appellant.

M. M. Heuser, of Bristol, Va. (A. K. Morison, of Bristol, Va., on the brief), for appellee.

Before NORTHCOTT and SOPER, Circuit Judges, and WEBB, District Judge.

SOPER, Circuit Judge.

This appeal was taken from the action of the District Judge in disallowing the claim of a judgment creditor against the bankrupt estate, although the trustee in bankruptcy had previously endeavored to set aside the judgment in a proceeding in the courts of Virginia and had been met with an adverse decision which was affirmed by the Supreme Court of Appeals of the State.

The judgment was confessed in the Circuit Court for Russell County, Virginia, on July 1, 1931 for the sum of $33,468.89 on behalf of the Dixie Splint Coal Company, Inc., the bankrupt, by P. H. Smith, secretary-treasurer of the company, in favor of Scott Litton, its president and controlling stockholder. The claim was based on alleged arrearages of salary due Litton as president and similar arrearages due Smith as secretary-treasurer, and by him assigned to Litton. The circumstances relating to the accumulation of the arrearages and the questionable financial condition of the company at the time of the confession of judgment, culminating finally in bankruptcy, led the District Judge to the firm conviction that the claim was fraudulent from its inception and unworthy to share in the distribution of the assets of the estate.

The judgment was entered during the pendency of a suit against the corporation instituted in the Corporation Court of the City of Bristol, Virginia, by one A. P. Pepper, lessor of coal property to the corporation, to secure an accounting of royalties and rents due under the lease. This suit, which was continued in the name of Mrs. Pepper as executrix and sole devisee of the

lessor after his death, finally resulted on February 19, 1934 in a decree for the plaintiff in the sum of $9,000. See Pepper v. Dixie Splint Coal Co., 165 Va. 179, 189, 181 S.E. 406.

On March 19, 1934 Litton caused an execution on his judgment to be levied on the personal property of the corporation; and the sheriff gave notice of a sale thereof to be held on June 14. On June 2 Mrs. Pepper caused an execution to be levied on her judgment. On June 13, 1934 she instituted a suit in the Circuit Court for Russell County to have the Litton judgment declared void as fraudulent and improperly entered. The sale under the Litton execution took place as advertised and resulted in the sale of the property to Litton for $3,200. In view of these conflicting claims, the sheriff brought suit by way of interpleader in the Circuit Court for Russell County to determine who was entitled to the proceeds of the sale, and Pepper, Litton and the Clinchfield Coal Corporation, a third judgment creditor, were made parties defendant. Litton admitted in his answer that the Clinchfield Coal Corporation had a first or paramount lien in the amount of $2153 on the property, but claimed that by reason of the levy upon his judgment, he had a superior lien to the lien of Pepper; and Pepper also admitted the priority of the Clinchfield lien, without prejudice to her rights and claims asserted in the suit previously brought by her to set aside and have declared void the Litton judgment.

On September 7, 1934 an adjudication in bankruptcy was had in a voluntary proceeding of the Coal Company; and on October 3, 1934 the trustee in bankruptcy filed a petition in the interpleader case and asked that the balance of $961 be paid over to him; and this was done, Litton and Pepper consenting. Pepper then petitioned the referee in bankruptcy to direct the trustee to intervene in the litigation instituted by her to set aside the judgment, and the referee acceded to action by the trustee, but ordered him to bring a new and independent suit in the State court to determine the validity of the judgment and the execution thereon. Accordingly, the trustee brought suit in the Circuit Court for Russell County and prayed the court to vacate and set aside the judgment and to quash the execution thereon on the ground that the judgment was void ab initio, because no power of attorney authorizing Smith to confess judgment had been executed by the corporation or filed in the court as required by Section 6130a of the Virginia Code. No charge was made as to the validity of Litton's claim against the corporation perhaps for the reason that P. H. Smith, who was the secretary-treasurer of the corporation and confessed judgment on its behalf, was also the trustee in bankruptcy.

The judge of the State court was of the opinion that the judgment was void in that it did not comply with the statutory procedure but held, nevertheless, that the trustee was estopped from challenging the validity of the judgment. The contention that the trustee was estopped by entering the interpleader proceedings and asking for the proceeds of the sale of the property was overruled, because this step was taken on his behalf by I. M. Quillen, who was also attorney for Litton. But the estoppel was upheld because the independent suit of the trustee inured to the benefit of Mrs. Pepper, who appeared to be the sole remaining creditor of the bankrupt estate, and was herself estopped from challenging the judgment since she had elected to treat it as valid when she laid claim to the proceeds of the execution. The relief prayed by the trustee was therefore denied, and his motion to vacate the judgment was dismissed. This decision was affirmed on appeal in Smith v. Litton, 167 Va. 263, 188 S.E. 214. The Supreme Court did not pass on the validity of the judgment under the Virginia statute, but held that, whether or not the judgment was void, the trustee was estopped from challenging it because he represented Mrs. Pepper, the sole creditor of the corporation, and was affected by the estoppel binding upon her.

Subsequently, the referee in bankruptcy, following the decision of the State court, overruled exceptions filed by Mrs. Pepper to the allowance of the Litton judgment as a claim against the estate; but this action was set aside by the District Judge who held that the decision was not binding upon the District Court. Comment was made in the opinion of the District Judge upon the extraordinary selection as trustee of the bankrupt estate of P. H. Smith, whose prior actions as secretary-treasurer of the bankrupt company, in co-operation with the president thereof, were the subject of attack; and also upon the indefensible selection, as attorney for the trustee, of I. M. Quillen, who had previously been the attorney for the bankrupt, and after bankruptcy continued to act as attorney for Litton. The evidence

tending to show that the Litton claim was based upon a gross and obvious fraud was also discussed at length. With these considerations in mind, the District Judge said that the bankruptcy court, not from necessity but through comity, had sought the aid of the State court to determine a question material to the administration of the bankrupt estate, but that the decision of the State court, whether right or wrong, did not prevent the District Court from considering the validity of the judgment in connection with the administration of the estate, since this matter was committed to the court by the terms of the bankruptcy statute. Reference was made to such cases as Lesser v. Gray, 236 U.S. 70, 35 S.Ct. 227, 59 L.Ed. 471; U. S. Fidelity Company v. Bray, 225 U.S. 205, 32 S.Ct. 620, 56 L.Ed. 1055, in which the full power of the bankruptcy court under the statute to inquire into the validity of a demand or claim against the estate is described; and In re Continental Engine Co., 7 Cir., 234 F. 58; and Chandler v. Thompson, 7 Cir., 120 F. 940, in which it was held that a reduction of a claim to judgment in a State court before bankruptcy does not exempt it from attack in the bankruptcy court when its allowance is sought in bankruptcy proceedings. See also United States v. Wood, 2 Cir., 290 F. 109; Id., 263 U.S. 680, 44 S.Ct. 134, 68 L.Ed. 503.

 These decisions, however, do not envision the situation which results when the trustee in bankruptcy has sought and obtained the decision of a competent state tribunal upon the validity of a disputed claim or judgment against the estate. Whether or not the bankruptcy court must then accept the decision of the State court as binding upon it or may still proceed to adjudicate the dispute, depends upon the application of the principle of res judicata. The jurisdiction of the State court to hear and determine the matter brought before it by the independent suit of the trustee in bankruptcy herein cannot be successfully denied; Mays v. Fritton, 20 Wall. 414, 22 L.Ed. 389; Spencer v. Duplan Silk Co., 191 U.S. 526, 24 S.Ct. 174, 48 L.Ed. 287; 5 Remington Bankruptcy, Sections 2183, 2170; and the binding effect of the decision of the court is equally well established. Mays v. Fritton, supra, 20 Wall. at page 418; Winchester v. Heiskell, 119 U.S. 450, 7 S.Ct. 281, 30 L.Ed. 462; Davis v. Friedlander, 104 U.S. 570, 26 L. Ed. 818; Linstroth Wagon Co. v. Ballew, 5 Cir., 149 F. 960, 8 L.R.A.,N.S., 1204; Herman v. Cullerton, 9 Cir., 13 F.2d 754; 5 Remington Bankruptcy, Section 2182. We find nothing in the case of Isaacs v. Hobbs Tie & Timber Co., 282 U.S. 734, 51 S.Ct. 270, 75 L.Ed. 645, upon which the appellee relies, at variance with these conclusions. The decree of the District Court in case No. 4378 must therefore be reversed, with instructions to give effect to the decision of the State court. The appeal is dismissed in case No. 4392.

No. 4378 Reversed.

No. 4392 Appeal Dismissed.