PRESENT: All the Justices

SUSAN M. SAUDER

                                          OPINION BY
v.  Record No. 140805       JUSTICE ELIZABETH A. McCLANAHAN
                                 April 16, 2015

DENNIE LEE FERGUSON, JR.

FROM THE CIRCUIT COURT OF ROCKINGHAM COUNTY
Bruce D. Albertson, Judge

Susan M. Sauder appeals from the final order of the circuit court denying her motion to set aside the default judgment entered in her favor against Dennie Lee Ferguson, Jr. Sauder argues the circuit court had no discretion to deny her motion because the default judgment was void ab initio as a result of her failure to obtain valid service upon Ferguson. In the alternative, she contends the circuit court abused its discretion in failing to set aside a default judgment that was void ab initio. We will affirm the judgment of the circuit court.

I. BACKGROUND

On October 15, 2009, Sauder and Ferguson were involved in an automobile accident in which the vehicles being operated by each of them collided with one another. Subsequently, Progressive Gulf Insurance Company ("Progressive"), which provided coverage on the vehicle Ferguson was operating at the time of the accident, filed a declaratory judgment action seeking a determination that it was not obligated to provide

coverage for the accident because Ferguson was not a permissive user of the vehicle. Progressive named as defendants, Rockingham Mutual Insurance Company ("Rockingham Mutual"), Rockingham Casualty Company ("Rockingham Casualty"), Sauder and Ferguson. Because Rockingham Mutual does not provide automobile insurance coverage, it was dismissed from the action by order of nonsuit. Rockingham Casualty remained in the action due to potential liability under an uninsured motorist policy covering Sauder at the time of the accident.

During the pendency of the declaratory judgment action, Ferguson testified in a deposition taken on August 23, 2010, that he was currently residing with his mother at 2210 John Wayland Highway in Harrisonburg and was living at that address at the time of the accident. He also testified he was employed in his mother's business and provided both his and his mother's current cellular telephone numbers. Sauder was represented by counsel who conducted examination of Ferguson on Sauder's behalf.

At the trial of the declaratory judgment action, which took place on May 19, 2011, Ferguson again testified that he was residing with his mother and employed in her business. Sauder was represented by counsel who was also present at the trial. At the conclusion of the trial, the circuit court ruled that Ferguson was an uninsured motorist at the time of the

2

accident. Thus, Rockingham Casualty's policy of uninsured motorist insurance provides coverage for the first $100,000 of any judgment that Sauder is legally entitled to recover against Ferguson for damages arising from the accident.

On June 10, 2011, Sauder filed, by different counsel, a complaint against Ferguson seeking damages arising from the automobile accident. On June 29, 2011, Sauder served Ferguson by posting at 1460 West Market Street in Harrisonburg, the address that was listed for Ferguson on the police report of the accident, instead of the address given by Ferguson in his deposition and at trial in the declaratory judgment action. On the same date, Sauder served Rockingham Mutual, by personal service on its registered agent, instead of Rockingham Casualty, which provides the uninsured motorist coverage for the accident.[1]

On August 29, 2012, Sauder filed a motion for entry of default judgment on the grounds that no pleadings in response to Sauder's complaint had been filed on behalf of Ferguson. Sauder filed a subsequent motion for entry of default judgment on September 24, 2012. In this motion, Sauder stated that the second motion for entry of default judgment was filed because

---

[1] W. Neal Menefee is the registered agent for both Rockingham Mutual and Rockingham Casualty.

Sauder was required to notify Ferguson of the implications of not appearing at the hearing scheduled on October 17, 2012. On October 2, 2012, Sauder attempted to serve Ferguson at the 1460 West Market Street address with the motion, notice of motion for entry of default judgment on October 17, 2012, and proposed order entering judgment by default. She also mailed the motion, notice, and proposed order to the 1460 West Market Street address as well as an address in Ashland, Kentucky. The proof of service was returned showing that Ferguson was "Not Found" and with a notation of "Moved."

On October 12, 2012, Sauder served the motion, notice of motion, and proposed order on Ferguson at the 2210 John Wayland Highway address in Harrisonburg by delivery to his mother. Neither Ferguson nor anyone on his behalf appeared, and an order of default judgment was entered by the circuit court on November 29, 2012. The order instructed that a copy be served upon Ferguson at 220 (instead of 2210) John Wayland Highway in Harrisonburg. A proof of service shows that Ferguson was personally served with the order entering judgment by default on December 10, 2012. Various papers were also served on the secretary to W. Neal Menefee as registered agent for "Rockingham Group Insurance" on January 8, 2013.

On January 9, 2013, the circuit court entered an order setting a bench trial on damages for March 4, 2013. Sauder

4

personally served the scheduling order on Ferguson at the 2210
John Wayland Highway address.  Menefee was also personally
served with this order.  On March 4, 2013, Sauder presented
evidence of her damages and neither Ferguson nor anyone on his
behalf appeared.  On March 14, 2013, the circuit court entered
an order awarding Sauder $300,000 in damages.  The order
provided that "Rockingham Mutual is liable for its contractual
portion of Ms. Sauder's Uninsured Motorist Policy" based upon
the following grounds:

> Rockingham Mutual Insurance Company and/or
> Rockingham Casualty Company ("Rockingham Mutual")
> – same name, both entities of the Rockingham
> Group with the same address, registered agent,
> payer of her medical expense coverage,
> corresponded with Plaintiff's attorney, and party
> in the Declaratory Action participated in the
> Declaratory Action and cooperated with
> Plaintiff's counsel prior to the Court's ruling.
> Ms. Sauder was insured by a policy with
> Rockingham Mutual Insurance Company and/or
> Rockingham Casualty Company ("Rockingham Mutual")
> due to its Uninsured Motorist Coverage Policy
> with coverage limits of $100,000[.]

On April 5, 2013, Rockingham Casualty filed a complaint
for declaratory judgment seeking a determination that Sauder
was not legally entitled to collect the judgment rendered on
March 14, 2013, because Ferguson was never served with the
summons or complaint and Rockingham Casualty was never served

5

as required by Code § 38.2-2206(F).[2]  Thereafter, on May 14, 2013, Sauder filed a motion to set aside the default judgment pursuant to Code § 8.01-428(A).  She averred that there "existed some question" regarding whether Ferguson was validly served with process.  Sauder asserted that it is "[Sauder's] position that Ferguson was validly and properly served, that [Sauder] and her counsel used due diligence in attempting to locate and serve Ferguson, and that Ferguson's due process rights have not been violated by entry of the default judgment."  Nevertheless, Sauder requested that the circuit court enter an order setting aside the March 14, 2013, order as void ab initio "out of an abundance of caution" and "in order to serve substantial justice."

Sauder contended in her motion that if the default judgment against Ferguson was obtained without adequate and valid service of process, "then that [March 14, 2013 o]rder must be set aside as void ab initio, and Sauder's suit and the parties to that action (Sauder and Ferguson) must be restored to their status prior to entry of the [o]rder on judgment," after which Sauder will "be entitled to exercise a non-suit as

---

[2] Code § 38.2-2206(F) requires an insured intending to rely upon uninsured motorist coverage to serve the insurance carrier with process.

6

a matter of right" and "have six months within which to re-file her suit against Ferguson."

Rockingham Mutual filed a response asserting that Sauder's motion to set aside was fatally deficient because she alleged in her motion that "Ferguson was validly and properly served," and therefore, failed to acknowledge any deficiency that would render the judgment void. Subsequently, Sauder filed an amended motion to set aside the default judgment on the grounds that "substantial evidence exists" that Ferguson was not properly served with process, and therefore, "substantial evidence exists that the default judgment and [o]rder of March 14, 2013 is and was void ab initio."

Rockingham Mutual filed a memorandum in opposition to the motion to set aside the default judgment. Sauder objected to Rockingham's participation in the proceedings and argued that Rockingham Mutual had no standing to oppose Sauder's motion. The circuit court requested briefing from the parties and conducted a hearing during which the parties presented evidence, including testimony from Ferguson, who was called as a witness by Sauder.[3] Ferguson testified that although he lived at the 1460 West Market Street address in 2008, he was living

---

[3] Ferguson has not made a formal appearance in these proceedings.

with his mother at the 2210 John Wayland Highway address when Sauder's complaint was filed.  Ferguson further testified he was never served with a complaint or summons.

Upon consideration of the evidence, briefs, and arguments of counsel, the circuit court denied Sauder's motion to set aside the default judgment.  As an initial matter, the court ruled that Rockingham Mutual had standing to participate and present evidence at the hearing.  The court further ruled that it would not exercise its discretion to set aside the default judgment.

The circuit court found that based on Ferguson's testimony in the prior declaratory judgment action providing his address as 2210 John Wayland Highway, Sauder had "knowledge" of Ferguson's current address but used the 1460 West Market Street address to attempt service of the complaint and summons.  The court further noted that when Sauder served the motion for default judgment, notice of motion for default judgment, and proposed order entering default judgment at the 2210 John Wayland Highway address, she did not include a copy of the complaint or summons and made no further attempt to do so.  The court explained it could "see how many of the enumerated grounds would cover situations, such as fraud, where the Court should exercise its discretion on a moving plaintiff's behalf."

According to the court, "[t]he facts of this case do not call for that discretion."

## II. ANALYSIS

On appeal, Sauder argues that the circuit court erred in denying her motion to set aside the default judgment and in ruling that Rockingham Mutual had standing to participate in the proceedings related thereto.

### A. Circuit Court Had Discretion under Code § 8.01-428(A).

We reject Sauder's first assertion that the circuit court did not have discretion to deny her motion to set aside the default judgment under Code § 8.01-428(A).

Code § 8.01-428(A) provides:

> Upon motion of the plaintiff or judgment debtor and after reasonable notice to the opposite party, his attorney of record or other agent, the court may set aside a judgment by default or a decree pro confesso upon the following grounds: (i) fraud on the court, (ii) a void judgment, (iii) on proof of an accord and satisfaction, or (iv) on proof that the defendant was, at the time of service of process or entry of judgment, a person in the military service of the United States for purposes of 50 U.S.C. app. § 502.

(Emphasis added.) In stating that the court "may" set aside a judgment of default, the language of the statute, according to its ordinary meaning, places the decision of whether to set aside a judgment by default within the discretion of circuit court.

9

We will apply the ordinary meaning of the word "may" in construing a statute unless a contrary legislative intention plainly appears.  Masters v. Hart, 189 Va. 969, 979, 55 S.E.2d 205, 210 (1949) ("Unless it is manifest that the purpose of the legislature was to use the word 'may' in the sense of 'shall' or 'must,' then 'may' should be given its ordinary meaning - permission, importing discretion.").  The General Assembly uses the word "may" six times in Code § 8.01-428 while it uses the word "shall" four times.[4]  "When the General Assembly uses two

_____

[4] The statute, in its entirety provides:

A. Default judgments and decrees pro confesso; summary procedure. -- Upon motion of the plaintiff or judgment debtor and after reasonable notice to the opposite party, his attorney of record or other agent, the court may set aside a judgment by default or a decree pro confesso upon the following grounds: (i) fraud on the court, (ii) a void judgment, (iii) on proof of an accord and satisfaction, or (iv) on proof that the defendant was, at the time of service of process or entry of judgment, a person in the military service of the United States for purposes of 50 U.S.C. app. § 502. Such motion on the ground of fraud on the court shall be made within two years from the date of the judgment or decree.

B. Clerical mistakes. -- Clerical mistakes in all judgments or other parts of the record and errors therein arising from oversight or from an inadvertent omission may be corrected by the court at any time on its own initiative or upon the motion of any party and after such notice, as the court may order. During the pendency of an appeal, such mistakes may be corrected before the

10

different terms in the same act, it is presumed to mean two

different things."  Forst v. Rockingham Poultry Mktg. Coop.,

---

> appeal is docketed in the appellate court, and
> thereafter while the appeal is pending such
> mistakes may be corrected with leave of the
> appellate court.
>
> C. Failure to notify party or counsel of final
> order. -- If counsel, or a party not represented
> by counsel, who is not in default in a circuit
> court is not notified by any means of the entry
> of a final order and the circuit court is
> satisfied that such lack of notice (i) did not
> result from a failure to exercise due diligence
> on the part of that party and (ii) denied that
> party an opportunity to pursue post-trial relief
> in the circuit court or to file an appeal
> therefrom, the circuit court may, within 60 days
> of the entry of such order, modify, vacate, or
> suspend the order or grant the party leave to
> appeal. Where the circuit court grants the party
> leave to appeal, the computation of time for
> noting and perfecting an appeal shall run from
> the entry of such order, and such order shall
> have no other effect.
>
> D. Other judgments or proceedings. -- This
> section does not limit the power of the court to
> entertain at any time an independent action to
> relieve a party from any judgment or proceeding,
> or to grant relief to a defendant not served with
> process as provided in § 8.01-322, or to set
> aside a judgment or decree for fraud upon the
> court.
>
> E. Nothing in this section shall constitute
> grounds to set aside an otherwise valid default
> judgment against a defendant who was not, at the
> time of service of process or entry of judgment,
> a servicemember for purposes of 50 U.S.C. app. §
> 502.

Code § 8.01-428 (emphases added).

222 Va. 270, 278, 279 S.E.2d 400, 404 (1981). The General Assembly is well aware of the difference between the words "may" and "shall," and we conclude it has not used these terms synonymously within the language of Code § 8.01-428. See Roe v. Commonwealth, 271 Va. 453, 458, 628 S.E.2d 526, 529 (2006).

Similarly, Rule 3:19(d)(1) states that "the court may" relieve a defendant of a default judgment during the 21-day period provided by Rule 1:1. We have held that "[w]hether to relieve a defendant of a default judgment under Rule 3:19(d)(1) rests within the sound discretion of a trial court." Specialty Hosps. of Washington, LLC v. Rappahannock Goodwill Indus., 283 Va. 348, 353, 722 S.E.2d 557, 559 (2012). Additionally, Rule 3:19(b) states that "[p]rior to the entry of judgment, for good cause shown the court may grant leave to a defendant who is in default to file a late responsive pleading." Thus, we have observed that "the use of the word 'may,' as opposed to 'shall,' in Rule 3:19(b) evidences that even after a defendant shows good cause, a trial court has discretion to grant or refuse the defendant's motion for leave to file late responsive pleadings." AME Fin. Corp. v. Kiritsis, 281 Va. 384, 392, 707 S.E.2d 820, 824 (2011) (emphasis omitted).

Likewise, in construing the plain language of Code § 8.01-428(A) providing that the court "may" set aside a default judgment upon the grounds designated therein, we hold that the

12

decision whether to grant Sauder's motion to set aside the default judgment rested within the sound discretion of the circuit court.

## B. The Circuit Court did not Abuse its Discretion

Sauder argues that even if the decision of whether to grant her motion to set aside the default judgment was within the circuit court's discretion, the circuit court abused its discretion in refusing to set aside a judgment that was proved to be void ab initio.

We have explained that the phrase "abuse of discretion" means that the circuit court "has a range of choice, and that its decision will not be disturbed as long as it stays within that range and is not influenced by any mistake of law." Landrum v. Chippenham & Johnston-Willis Hosps., Inc., 282 Va. 346, 352, 717 S.E.2d 134, 137 (2011) (internal quotation marks omitted); see also Hamad v. Hamad, 61 Va. App. 593, 607, 739 S.E.2d 232, 239 (2013) ("This bell-shaped curve of reasonability governing our appellate review rests on the venerable belief that the judge closest to the contest is the judge best able to discern where the equities lie."). Thus, "'[o]nly when reasonable jurists could not differ can we say an abuse of discretion has occurred.'" Grattan v. Commonwealth, 278 Va. 602, 620, 685 S.E.2d 634, 644 (2009) (quoting Thomas v.

13

Commonwealth, 44 Va. App. 741, 753, 607 S.E.2d 738, 743 (2005)).

Pursuant to Code § 8.01-428(A), Sauder filed a motion seeking to set aside the default judgment entered in her favor upon the ground that the judgment was void for lack of personal service on Ferguson.[5]  "There are strong policy reasons favoring certainty of results in judicial proceedings.  Accordingly, we

———————————

[5] Subsection (A) of Code § 8.01-428 applies to "a motion filed as part of the cause in which the judgment order was entered."  Basile v. American Filter Service, Inc., 231 Va. 34, 37, 340 S.E.2d 800, 802 (1986).  This is distinguished from an "independent action" seeking relief from judgment referenced in section D of the statute.  Therefore, as the revisor's note states, "[a] court's inherent equity power to entertain an independent action to relieve a party from any judgment has been preserved" by Code § 8.01-428(D).  Byrum v. Lowe & Gordon, Ltd., 225 Va. 362, 365-66, 302 S.E.2d 46, 48 (1983).  A party seeking to set aside a default judgment in such an independent action must prove five elements:

> (1) a judgment which ought not, in equity and good conscience, to be enforced; (2) a good defense to the alleged cause of action on which the judgment is founded; (3) fraud, accident, or mistake which prevented the defendant in the judgment from obtaining the benefit of his defense; (4) the absence of fault or negligence on the part of the defendant; and (5) the absence of any adequate remedy at law.

Virginia Polytechnic Inst. & State Univ. v. Prosper Fin., Inc., 284 Va. 474, 483, 732 S.E.2d 246, 251 (2012) (quoting Charles v. Precision Tune, Inc., 243 Va. 313, 317-18, 414 S.E.2d 831, 833 (1992)).

14

attach a high degree of finality to judgments, whether obtained by default or otherwise."  McEwen Lumber Co. v. Lipscomb Brothers Lumber Co., 234 Va. 243, 247, 360 S.E.2d 845, 848 (1987).  Thus, "we have consistently construed Code § 8.01-428 and its predecessors, which create exceptions to the finality of judgments, narrowly."  Id.  Furthermore, since Code § 8.01-428 is a codification of pre-existing equitable practice, the court's discretionary power is informed by equitable considerations.

Although the circuit court observed that neither Sauder nor Rockingham Mutual disputed the fact that the complaint and summons were not served on Ferguson, it did not reach the issue of whether the judgment was void.  Instead, it ruled that the facts did not justify the relief sought by Sauder.  According to the circuit court,

> The record reveals at a minimum that
> [Sauder] failed to procure proper service.
> [Sauder] became aware of the service of process
> failure.  [Sauder] did not correct the error.
> Nonetheless, [Sauder] asserted proper service and
> the default judgment she sought was entered.
> This alone is sufficient for the Court to deny
> the motion.[6]

---

[6] The circuit court clearly considered the absence of proper service here.  Along with the other circumstances noted in the disposition, this demonstrates that, in the present case, it cannot be said that "a relevant factor that should have been given significant weight [was] not considered; . . . an irrelevant or improper factor [was] considered and given

15

"The circuit court's factual findings based on the evidence adduced at the ore tenus hearing on the motion to set aside the default judgment will be reversed on appeal only if such findings are plainly wrong or without evidence to support them." Specialty Hosps., 283 Va. at 354, 722 S.E.2d at 559.

Based on the circuit court's findings, which are supported by the record, we cannot say the circuit court abused its discretion. As the circuit court found, Sauder had knowledge of Ferguson's correct address when she attempted to serve the complaint and summons on him at a prior address.[7] When the questions regarding the validity of the service became apparent, Sauder used Ferguson's proper address for service of additional pleadings but did not at any time serve the complaint and summons at his current address. Furthermore, Sauder proceeded to seek and obtain a default judgment asserting valid service of the complaint and summons.

---

significant weight; [or that] the court, in weighing those factors, commit[ed] a clear error of judgment." Landrum, 282 Va. at 352, 717 S.E.2d at 137.

[7] Ferguson provided his address during testimony at his deposition and at the declaratory judgment trial. Sauder was represented by counsel at both proceedings. Knowledge acquired by an attorney is imputed to the client. Yamada v. McLeod, 243 Va. 426, 433, 416 S.E.2d 222, 226 (1992).

16

Thereafter, she obtained a final judgment awarding the full amount of damages she claimed.[8]  As the circuit court observed, there may be situations in which one of the grounds enumerated in the statute justify relief from judgment on a moving plaintiff's behalf.  In this case, however, Sauder is "the architect of [her] own misfortune."  Landcraft Co. v. Kincaid, 220 Va. 865, 874, 263 S.E.2d 419, 425 (1980) (decided under predecessor statute, Code § 8-348).[9]

_____

[8] We have held that a circuit court erred in denying a motion to set aside a default judgment for lack of service when a defendant challenges the circuit court's exercise of personal jurisdiction and seeks to preclude enforcement of the judgment. See, e.g., Lifestar Response of Md., Inc. v. Vegosen, 267 Va. 720, 724-25, 594 S.E.2d 589, 591-92 (2004); O'Connell v. Bean, 263 Va. 176, 178-80, 556 S.E.2d 741, 742 (2002); Dennis v. Jones, 240 Va. 12, 19-20, 393 S.E.2d 390, 394 (1990).  In this case, however, Sauder does not seek to set aside the judgment so as to preclude its enforcement against Ferguson; rather, she seeks to continue these proceedings so as to nonsuit her case and take a "second bite at the apple" against Ferguson.  Yet, Ferguson has not made a formal appearance to raise a challenge to the judgment himself.  Thus, in contrast to a defendant who challenges a judgment based on the absence of notice and an opportunity to be heard, Sauder was not deprived of an opportunity to fully and fairly present her claims.

[9] We find no merit in Sauder's contention that Rockingham Mutual lacked standing to present evidence and argument in opposition to her motion to set aside the default judgment. Although Sauder argues that Rockingham Mutual is not her uninsured motorist carrier and has no stake in the matter, Rockingham Mutual was served with the complaint and summons as her purported uninsured motorist carrier, and the circuit court ordered that "Rockingham Mutual is liable for its contractual portion of Ms. Sauder's Uninsured Motorist Policy."

17

III.  CONCLUSION

For the foregoing reasons, we will affirm the judgment of the circuit court.

Affirmed.

JUSTICE POWELL, with whom JUSTICE MIMS joins, concurring.

Although I agree with the outcome of this case, I write separately because I disagree with the basis for the majority's decision.  Based on the circuit court's findings, which are supported by the evidence, I would conclude that Sauder is estopped from denying the validity of the judgment.

As the circuit court found, Sauder had knowledge of Ferguson's correct address when she attempted to serve the complaint and summons on him at a prior address.[1]  When the questions regarding the validity of the service became apparent, Sauder used Ferguson's proper address for service of additional pleadings but did not at any time serve the complaint and summons at his current address.  Furthermore, Sauder proceeded to seek and obtain a default judgment asserting valid service of the complaint and summons.  See

---

[1] Ferguson provided his address during testimony at his deposition and at the trial in the declaratory judgment action. Sauder was represented by counsel at both proceedings. Knowledge acquired by an attorney is imputed to the client. Yamada v. McLeod, 243 Va. 426, 433, 416 S.E.2d 222, 226 (1992)(collecting cases).

18

*Eubank & Caldwell, Inc. v. Fuller*, 156 Va. 635, 638, 158 S.E. 884, 885 (1931) (a party with knowledge of the facts affecting the validity of a judgment who "accepts and treats [the judgment] as valid and binding in all respects . . . will not be permitted later to show its invalidity[,] for he is estopped"); *Smith v. Litton*, 167 Va. 263, 266, 188 S.E. 214, 215 (1936) ("A man cannot say at one time that the transaction is valid and thereby obtain some advantage to which he could only be entitled on the footing that it is valid, and at another time say it is void for the purpose of securing some further advantage.") (citation and internal quotation marks omitted); *see also* *Lofton Ridge, LLC v. Norfolk S. Ry. Co.*, 268 Va. 377, 381, 601 S.E.2d 648, 650 (2004) (judicial estoppel prohibits a party "from taking inconsistent positions within a single action").

Under these facts, therefore, Sauder cannot now deny the validity of the judgment and is judicially estopped from seeking to set it aside.[2]  For these reasons, I would affirm the judgment of the circuit court.

---

[2] I find no merit in Sauder's contention that Rockingham Mutual lacked standing to present evidence and argument in opposition to her motion to set aside the default judgment. Although Sauder argues that Rockingham Mutual is not her uninsured motorist carrier and has no stake in the matter, Rockingham Mutual was served with the complaint and summons as her purported uninsured motorist carrier, and the circuit court

ordered that "Rockingham Mutual is liable for its contractual portion of Ms. Sauder's Uninsured Motorist Policy."