**AUSTRIAN et al. v. WILLIAMS et al.**

District Court, S. D. New York.

May 1, 1946.

Austrian & Lance, of New York City (Saul J. Lance and Isadore H. Cohen, both of New York City, of counsel), for plaintiffs.

Sullivan & Cromwell and Milton Pollack, all of New York City (Milton Pollack, of New York City, of counsel), for Harrison Williams, Clifford F. Stone, Albert E. Pardee, Clinton M. Finney, Onondaga Corporation, Federal Utilities Corporation, New Empire Corporation, Electric Investment Corporation and Utilities Securities Corporation.

Sullivan & Cromwell, of New York City (E. H. Sykes and William Piel, Jr., both of New York City, of counsel), for defendants Howard J. Sachs, Walter E. Sachs, and Bowers, Weinberg, Dulles & Catchings.

LeBoeuf & Lamb, of New York City (Horace R. Lamb and Craigh Leonard, both of New York City, of counsel), for defendants James F. Fogarty and Herbert C. Freeman.

Hawkins, Delafield & Longfellow, of New York City, for John B. Niven, Henry E. Mendes, Francis J. Clowes, Victor H. Stempf, Edwin H. Wagner, Sr., Robert C. Brown, William C. Bechert, and Jacob P. Friedman.

Roger S. Foster, Sol., and Arnold R. Ginsburg, Lawrence M. Greene, and Harold V. Lese, Attys., all of Philadelphia, Pa., for Securities and Exchange Commission.

LEIBELL, District Judge.

In accordance with the direction of the Circuit Court of Appeals, Fourth Circuit, in the Matter of Central States Electric Corporation, 4 Cir., 143 F.2d 684, the plaintiffs herein were substituted as trustees of Central States Electric Corporation in the proceeding for the reorganization of that corporation under Chapter X of the Bankruptcy Act, 11 U.S.C.A. § 501 et seq. After an investigation, pursuant to Sec. 167 of the Act, these trustees brought this action July 15, 1945, against the officers and directors (past and present) of the corporation, its principal common stockholder, directors of companies which had transactions with the debtor, and others. The complaint alleges that the defendants conspired to waste, destroy, misappropriate and otherwise wrongfully deal with the property and assets of the debtor and that the defendants were guilty of breaches of trust and waste of assets. Plaintiffs as trustees seek an accounting for the assets, losses and profits involved in the alleged wrongful transactions. The plaintiffs on August 20, 1945, amended their complaint to include an allegation of fraudulent concealment of the facts surrounding the transactions that were previously alleged to

constitute waste, etc., so that they were not discoverable until after the investigation of November 15, 1944, was ordered. The proceedings under Chapter X of the Bankruptcy Act were commenced in February 1942. The acts complained of occurred in 1922, 1927–1929 and in 1938. The defendants herein have moved, under Rules 12 and 56 of the Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c, for dismissal of the complaint on the ground that this Court lacks jurisdiction of the subject matter and for summary judgment on the ground that the applicable statutes of limitations bar the claims.

The jurisdiction of this Court has been questioned by defendants' motions under Rule 12 of the Federal Rules of Civil Procedure. In paragraph A–9 of the complaint the plaintiffs invoke the jurisdiction of the Court under the authority of the Constitution, Art. I, Sec. 8, Clause 4, the Act of Congress relating to bankruptcies, U.S.C.A. Title 11, and the provisions of the Judicial Code, Sec. 24(1, 19), 28 U.S.C.A. § 41(1, 19). The amount in controversy is alleged to be in excess of $3,000. There is no allegation of diversity of citizenship in the complaint and it is not relied upon to establish jurisdiction in this Court.

The constitutional clause referred to is that which empowers Congress to establish uniform laws on the subject of bankruptcy.

Subdivision (19) of § 24 of the Judicial Code provides that the district courts shall have original jurisdiction "of all matters and proceedings in bankruptcy."

28 U.S.C.A. § 41(1) states:

"Section 41. (Judicial Code, section 24, amended.) Original jurisdiction. The district courts shall have original jurisdiction as follows:

"(1) United States as plaintiff; civil suits at common law or in equity. First. Of all suits of a civil nature, at common law or in equity, brought by the United States, or by any officer thereof authorized by law to sue, or between citizens of the same State claiming lands under grants from different States; or, where the matter in controversy exceeds, exclusive of interest and costs, the sum or value of $3,000, and (a) arises under the Constitution or laws of the United States, or treaties made, or which shall be made, under their authority, or (b) is between citizens of different States, or (c) is between citizens of a State and foreign States, citizens, or subjects." See § 41, U.S.C.A. T. 28.

██ This is not a suit arising under the Constitution or laws of the United States. A federal question is presented only if it appears from the plaintiffs' statement of facts that a construction of a provision of the Constitution or of a federal statute would sustain or defeat plaintiffs' claim. The federal nature of the right to be established, not the source of the authority to establish it, is decisive. Gully v. First National Bank, 299 U.S. 109, 57 S.Ct. 96, 81 L.Ed. 70; Spencer v. Duplan Silk Co., 191 U.S. 526, 24 S.Ct. 174, 48 L.Ed. 287. The causes of action herein are for breach of fiduciary duty and for waste of assets. The trustees appointed in the Chapter X proceedings have merely inherited the claims from the corporate bankrupt. The claims are based on common law rights, state-created rights. This action does not take its initial genesis by virtue of the provisions of the Bankruptcy Act; only the trustees' authority to sue flows from that source. McBride v. Farrington, D.C.Ore., 1945, 60 F.Supp. 92, 94.

█ This federal District Court is not granted jurisdiction over the subject matter of this action under any provision of the Bankruptcy Act. Plaintiffs rely upon Section 2, sub. a (7), of the Act of 1898, as amended, 11 U.S.C.A. § 11, sub. a (7), which I quote as follows:

"Creation of courts of bankruptcy and their jurisdiction.

"a. The courts of the United States hereinbefore defined as courts of bankruptcy are hereby created courts of bankruptcy and are hereby invested, within their respective territorial limits as now established or as they may be hereafter changed, with such jurisdiction at law and in equity as will enable them to exercise original jurisdiction in proceedings under this title, in vacation, in chambers, and during their respective terms, as they are now or may be hereafter held, to— * * *

"(7) Cause the estates of bankrupts to be collected, reduced to money and distributed, and determine controversies in relation thereto, except as herein otherwise provided, and determine and liquidate all inchoate or vested interests of the bankrupt's spouse in the property of any estate, whenever under the applicable laws of the State, creditors are empowered to compel such spouse to accept a money satisfaction for such interest."

The words "except as herein otherwise provided" refer to § 23 of the Act, 11 U.S. C.A. § 46, which will be discussed later. Bardes v. Hawarden Bank, 178 U.S. 524 at page 535, 20 S.Ct. 1000, 1005, 44 L.Ed. 1175. Section 2 of the Act of 1898 was derived from Section 1 of the Bankruptcy Act of 1867, which also constituted the several district courts as courts of bankruptcy, with original jurisdiction in their several districts in all matters and proceedings in bankruptcy. It is important to keep in mind the distinction between the jurisdiction which a district court exercised as a court of bankruptcy over bankruptcy proceedings under Section 1 of the Act of 1867, and the jurisdiction conferred on a district court as such, by Section 2 of the Act of 1867, over plenary suits to which the bankrupt assignee was a party.

Section 2 of the Act of 1867 conferred a jurisdiction on the federal District Courts that was substantially different from the jurisdiction constituted under Section 1 of the Act of 1867, or under Section 2 of the Act of 1898. This is apparent from a reading of the pertinent part of Section 2 of the Act of 1867 which provided:

"Said circuit courts shall also have concurrent jurisdiction with the district courts of the same district of all suits at law or in equity which may or shall be brought by the assignee in bankruptcy against any person claiming an adverse interest, or by such person against such assignee, touching any property or rights of property of said bankrupt transferable to or vested in such assignee." 14 Stat. 518.

By the amendment of 1874, 18 Stat. 178, the words "the same district" were changed to read "any district"; and the words "or owing any debt to such bankrupt" were added next after the words "adverse interest." The Bankruptcy Act of 1867 was entirely repealed June 7, 1878, 20 Stat. 99, and for the next twenty years until July 1, 1898, 30 Stat. 544, there was no National Bankruptcy Act.

The jurisdictional provisions of the Act of 1867, as amended June 22, 1874, 18 Stat. 178, were analyzed and explained by Mr. Justice Bradley in Lathrop v. Drake, 1875, 91 U.S. 516, 23 L.Ed. 414. In that case the court held that the jurisdiction conferred on the federal District Courts by Section 2 of the Act of 1867, as amended, was that of "an ordinary court," of suits at law and in equity, to which the bankrupt's assignee was a party, involving property or rights of the bankrupt. The "bankruptcy court" had exclusive jurisdiction over the bankruptcy proceedings themselves, but—"the exclusion of other district courts from jurisdiction over these proceedings does not prevent them from exercising jurisdiction in matters growing out of or connected with that identical bankruptcy, so far as it does not trench upon or conflict with the jurisdiction of the court in which the case is pending. Proceedings ancillary to and in aid of the proceedings in bankruptcy may be necessary in other districts where the principal court cannot exercise jurisdiction; and it may be necessary for the assignee to institute suits in other districts for the recovery of assets of the bankrupt. That the courts of such other districts may exercise jurisdiction in such cases would seem to be the necessary result of the general jurisdiction conferred upon them, and is in harmony with the scope and design of the Act. * * * and we concur in the opinion [in Shearman v. Bingham, 7 Bank.Reg. 4190] that the several District Courts have jurisdiction of suits brought by assignees appointed by other district courts in cases of bankruptcy." Lathrop v. Drake, 91 U.S. at p. 518, 23 L.Ed. 414.

Thus any federal district court "as an ordinary court" had jurisdiction of a plenary suit at law or in equity by the assignee in bankruptcy under the provisions of Section 2 of the Act of 1867, as amended, and the jurisdiction it exercised was "the regular jurisdiction between party and party, as described in the judiciary act

(eleventh section) and the third article of the Constitution." Morgan v. Thornhill, 11 Wall 65, 78 U.S. 65 at page 80, 20 L.Ed. 60, quoted in Bardes v. Hawarden Bank, 1900, 178 U.S. 524 at page 532, 20 S.Ct. 1000, 1003, 44 L.Ed. 1175. The jurisdiction of the District Court under Section 1 of the Act of 1867 which controlled the bankruptcy proceedings themselves was that of a "[court] of bankruptcy"; it was the "principal court."

The following quotation from the opinion of Mr. Justice Gray in the Bardes case (page 532 of 178 U.S. 524, 20 S.Ct. 1003, 44 L.Ed. 1175) further emphasizes the distinction between the jurisdiction conferred by Section 2 as compared with that constituted by Section 1 of the Act of 1867:

"It was also repeatedly held by this court that the right of an assignee in bankruptcy to assert a title in property transferred by the bankrupt before the bankruptcy to a third person who now claimed it adversely to the assignee could only be enforced by a plenary suit at law or in equity, under the 2d section of the act of 1867; and not by summary proceedings under the 1st section thereof, notwithstanding the declaration in that section that the jurisdiction in bankruptcy should extend 'to the collection of all the assets of the bankrupt,' and 'to all acts, matters, and things to be done under and in virtue of the bankruptcy' until the close of the proceedings in bankruptcy. Smith v. Mason, 1871, 14 Wall. 419, 20 L.Ed. 748; Marshall v. Knox, 1872, 16 Wall. 551, 557, 21 L.Ed. 481, 484; Eyster v. Gaff, 1875, 91 U.S. 521, 525, 23 L.Ed. 403, 405.

"The jurisdiction of the courts of the United States over all matters and proceedings in bankruptcy, as distinguished from independent suits at law or in equity, was of course exclusive. But it was well settled that the jurisdiction of such suits, conferred by the 2d section of the act of 1867 upon the circuit and district courts of the United States for the benefit of an assignee in bankruptcy, was concurrent with that of the state courts."

[Trustees in bankruptcy under the Act of 1898 "take the place and are vested with the power of assignees in bankruptcy under

former bankrupt acts." Bardes v Hawarden Bank, 178 U.S. 524 at page 526, 20 S.Ct. 1000, 1001, 44 L.Ed. 1175.]

As stated by Chief Justice Hughes in Schumacher v. Beeler, 293 U.S. 367 at page 372, 55 S.Ct. 230, 232, 79 L.Ed. 433:

"The Act of 1867 recognized and emphatically declared the distinction between proceedings in bankruptcy, properly so called, and independent suits between assignees in bankruptcy and adverse claimants. Jurisdiction in such suits was conferred upon the District Courts and Circuit Courts of the United States by express provision to that effect in section 2 of that act, and was not derived from the other provisions of sections 1 and 2 conferring jurisdiction of proceedings in bankruptcy."

It was with this legislative and judicial background that the Bankruptcy Act of 1898 was enacted. Section 2 of the Act of 1898 is entitled "Creation of Courts of Bankruptcy and Their Jurisdiction." It took the place of Section 1 of the Act of 1867 and does not differ substantially from that section, except that it seems to specify in greater detail matters which relate to the proceedings in bankruptcy. The section does not refer to plenary actions at law or suits in equity, by or against the trustee in bankruptcy. Bardes v. Hawarden Bank, 178 U.S. 524 at page 534, 20 S.Ct. 1000, 44 L.Ed. 1175. The Act of 1898 did not include a section with the broad law and equity jurisdictional provisions in independent civil actions by the trustee against adverse claimants, in federal District Courts, such as were contained in Section 2 of the Act of 1867. To provide for a more limited jurisdiction in such cases Congress included in the Act of 1898 Section 23, sub. b, which was entitled "Jurisdiction of United States and State Courts." As originally enacted July 1, 1898, § 23 provided:

"Sec. 23. Jurisdiction of United States and State Courts.—a. The United States circuit courts shall have jurisdiction of all controversies at law and in equity, as distinguished from proceedings in bankruptcy, between trustees as such and adverse claimants concerning the property acquired or claimed by the trustees, in the same manner

and to the same extent only as though bankruptcy proceedings had not been instituted and such controversies had been between the bankrupts and such adverse claimants.

"b. Suits by the trustee shall only be brought or prosecuted in the courts where the bankrupt, whose estate is being administered by such trustee, might have brought or prosecuted them if proceedings in bankruptcy had not been instituted, unless by consent of the proposed defendant.

"c. The United States circuit courts shall have concurrent jurisdiction with the courts of bankruptcy, within their respective territorial limits, of the offenses enumerated in this Act."

In 1903 subdivision b was amended by adding thereto the words "except suits for the recovery of property under section 60, subdivision b, and section sixty-seven, subdivision e." In 1910 suits under "section seventy, subdivision e," were added to the exception.

In 1926 Section 23 was recast to read as follows:

"(a) The United States district courts shall have jurisdiction of all controversies at law and in equity, as distinguished from proceedings in bankruptcy, between trustees as such and adverse claimants concerning the property acquired or claimed by the trustees, in the same manner and to the same extent only as though bankruptcy proceedings had not been instituted and such controversies had been between the bankrupts and such adverse claimants.

"(b) Suits by the trustee shall be brought or prosecuted only in the courts where the bankrupt, whose estate is being administered by such trustee, might have brought or prosecuted them if proceedings in bankruptcy had not been instituted, unless by consent of the proposed defendant, except suits for the recovery of property under section 60, subdivision b; section 67, subdivision e; and section 70, subdivision e."

When the Bankruptcy Act was revised in June 1938, Section 23 was amended to read as follows:

"a. The United States district courts shall have jurisdiction of all controversies at law and in equity, as distinguished from proceedings under this Act, between receivers and trustees as such and adverse claimants, concerning the property acquired or claimed by the receivers or trustees, in the same manner and to the same extent as though such proceedings had not been instituted and such controversies had been between the bankrupts and such adverse claimants.

"b. Suits by the receiver and the trustee shall be brought or prosecuted only in the courts where the bankrupt might have brought or prosecuted them if proceedings under this Act had not been instituted, unless by consent of the defendant, except as provided in sections 60, 67 and 70 of this Act."

Section 23 is not a limitation on any old powers of the District Court, but rather a new grant of jurisdiction.

"The bankruptcy acts of 1867 and 1841, as has been seen, each contained a provision conferring in the clearest terms on the circuit and district courts of the United States concurrent jurisdiction of suits at law or in equity between the assignee in bankruptcy and an adverse claimant of property of the bankrupt. We find it impossible to infer that when Congress, in framing the act of 1898, entirely omitted any similar provision, and substituted the restricted provisions of § 23, it intended that either of those courts should retain the jurisdiction which it had under the obsolete provision of the earlier acts." Bardes v. Hawarden, supra, page 537 of 178 U.S., 20 S.Ct. 1005, 44 L.Ed. 1175.

Further testimony for this theory of a new grant of jurisdiction on condition is found in the opinion of Chief Justice Hughes in Schumacher v. Beeler, 1934, 293 U.S. 367, 374, 55 S.Ct. 233, 79 L.Ed. 433:

"In enacting section 23, it was clearly the intent of Congress that the federal courts should not have the unrestricted jurisdiction of suits between trustees in bankruptcy and adverse claimants which these courts had exercised under the broad provisions of section 2 of the Act of 1867. * * * Section 23b was thus in effect

a grant of jurisdiction subject to that condition."

Plaintiffs argue that since Section 23, sub. b, is not applicable to Chapter X corporate reorganization proceedings (it is expressly excluded therefrom by Section 102), it follows that Section 2, sub. a(7), of the Bankruptcy Act, hereinabove referred to, confers jurisdiction on this federal District Court to hear and determine this action for an accounting, a plenary suit in equity brought by the reorganization trustees against those who are charged with waste and misappropriation of the corporation's property.

The exclusion of Section 23, sub. b, from Chapter X reorganization proceedings by Section 102 of the Act does not operate to revive the old law and equity plenary suit jurisdiction of Section 2 of the Act of 1867; nor does it clothe § 2, sub. a(7), of the Act of 1898 with a meaning and purpose similar to that of § 2 of the Act of 1867. In my opinion it would require something more than the language of § 102 of the Act of 1898 as added June 22, 1938, to accomplish so great a change in a jurisdictional provision. United States District Courts are courts of limited jurisdiction, possessing only such powers as Congress confers. Ex parte Edelstein, 2 Cir., 30 F.2d 636; In re Hollins, 2 Cir., 229 F. 349; In re Prima Co., 7 Cir., 98 F.2d 952 at page 956. Any intent of Congress in 1938 to revive and confer a grant of jurisdiction repealed in 1898, should be sought in the language of the statute, and should not be based on a far-fetched inference. Section 2, sub. a(7), upon which the plaintiffs rely, is a grant of extensive powers, but only to the district court which is sitting as the "bankruptcy court" in the proceeding. This seems clear from the language of the 1898 statute, the purposeful omission of Section 2 of the Act of 1867, and the construction given § 23 of the Act of 1898 in Bardes v. Hawarden, supra.

Chapter X and its predecessor Section 77B, 11 U.S.C.A. § 207, specifically provided that the powers and jurisdiction of the "bankruptcy court" should include the powers which a Court of the United States would have in an equity receivership over a debtor's property. This is evident from the provisions of Section 115 of the Act, which followed the language of Section 77B, sub. a, of the former reorganization chapter. Section 115 states:

"Upon the approval of a petition, the court shall have and may, in addition to the jurisdiction, powers, and duties hereinabove and elsewhere in this chapter conferred and imposed upon it, exercise all the powers, not inconsistent with the provisions of this chapter, which a court of the United States would have if it had appointed a receiver in equity of the property of the debtor on the ground of insolvency or inability to meet its debts as they mature."

In applying ·that provision of Section 77B the courts held that it was not inconsistent with Section 23—that the grant of equity receivership jurisdiction to the bankruptcy court under Section 77B related to jurisdiction over the debtor's property, wherever located, in proceedings in rem; but that it did not apply to plenary suits growing out of the receivership, suits in personam. In re Standard Gas & Electric Co., 3 Cir., 1941, 119 F.2d 658, at page 662, and cases there cited. It was intimated in Tilton v. Model Taxi Corp., 2 Cir., 112 F.2d 86 at page 88, that since § 102 of the Act made Sec. 23 inapplicable to proceedings under Chapter X, the District Court (i. e., the reorganization court) would have jurisdiction of a plenary suit by a trustee "even where the defendant did not consent" to jurisdiction. In the case at bar that would mean that the District Court in which the petition for reorganization was filed would have jurisdiction of the subject matter of this action, regardless of the unwillingness of the defendants to consent to its jurisdiction. Whether or not the reorganization court could obtain jurisdiction of these defendants in personam, is another question discussed in the Standard Gas & Electric Co. case at page 664 of 119 F.2d 658.

The trustees in the reorganization proceeding under Chapter X, having the same powers as an equity receiver, may sue an adverse claimant in a plenary suit in the reorganization court without proof of

diversity or other federal grounds to establish jurisdiction of the action; but if they seek to bring a plenary action against the adverse claimant in a district other than the reorganization district they are obliged to conform to the same jurisdictional requirements that an equity receiver was required to conform to. It seems, therefore, that the only change brought about by Chapter X in this connection is to provide the federal district court, in which the Chapter X proceedings are pending, as an additional forum for a plenary suit by a reorganization trustee. See Warder v. Brady, 4 Cir., 1940, 115 F.2d 89 at page 94; In re Standard Gas & Electric Co., 3 Cir., 119 F.2d 658 at page 662; Gerdes, Corporate Reorganization, 52 Harv.Law Rev. 1, 21.

This federal District Court is not the reorganization court of the plaintiff trustees, and as in the case of an equity receiver, they cannot maintain this action as ancillary to the bankruptcy proceedings without showing other grounds of jurisdiction. The trustees are not left without a forum. In addition to the district court of their appointment (Tilton v. Model Taxi Corp., supra), other federal district courts, where diversity of citizenship is shown, 28 U.S.C.A. § 41(1) (b), and the appropriate state courts, Hastings v. Byllesby & Co., 286 N.Y. 468, 36 N.E.2d 666, would have jurisdiction over this type of action.

As a matter of policy, there does not seem to be any valid reason why the trustee in a reorganization proceeding should not be permitted to institute in a district court, other than the Court of his appointment, a plenary suit against an adverse claimant, such as these defendants, without a showing of diversity of citizenship as the basis of federal jurisdiction. An amendment to the Bankruptcy Act to confer such jurisdiction may be desirable. However, that rests with the Congress. I have given careful consideration to all the relevant decisions and to the legislative history of the pertinent sections of the Bankruptcy Act, and I am obliged to conclude that this federal District Court does not have jurisdiction of this action.

Having reached that conclusion, I need not discuss the second part of defendants' motions based on the defense of the Statute of Limitations. However, I wish to state that if this Court had jurisdiction of the action in a diversity of citizenship case, I would deny that motion because there are issues of fact that would have to be determined before the Court could decide which provisions of the Statute of Limitations are applicable, when the various causes of action accrued, and whether the Statute of Limitations was tolled as to any of them. The allegations contained in paragraph A–20–A of the complaint charging the deliberate concealment of the facts in respect to the transactions described in the complaint, and certain other allegations of fact as to domination, control and duress would present those issues. This case should be tried, but this is not the proper forum with the complaint in its present form.

The motions of the defendants to dismiss the complaint for lack of jurisdiction of the action are granted. Settle orders on two days' notice.