**Jay MORTON, Plaintiff, Appellant,**

v.

**Jack W. BROWNE, Defendant, Appellee.**

**No. 7662.**

United States Court of Appeals,
First Circuit.

March 5, 1971.

William W. Bailey, Charlotte Amalie, V. I., with whom Bailey, Wood & Rosenberg, Charlotte Amalie, V. I., was on brief, for appellant.

Victor M. Domenech Pico, San Juan, Puerto Rico, for appellee.

Before ALDRICH, Chief Judge, McENTEE and COFFIN, Circuit Judges.

PER CURIAM.

Although this case involves only $6,000, it has been carried on with such a plethora of motions, counter-motions and orders that the finally amended complaint itself is already item No. 35 on the docket. The court's memorandum granting summary judgment for the plaintiff is item No. 84. No such multiplicity of work seems to us to have been necessary.

By a paper filed July 14, 1967 plaintiff disclosed that he was relying, inter alia, upon the fact that his $6,000 advance in connection with his becoming a member of the joint venture would be used to insure, as well as to outfit, the M/V SHRUB, and was so represented to him by the defendant. By his disposition plaintiff gave such testimony, indicating not only defendant's representation to this effect, but his acknowledgement of the receipt of the money. Defendant did not take out insurance, and the vessel was lost. In April 1969, when plaintiff's motion for summary judgment came on for hearing, the court gave the defendant 14 days to file counter-affidavits and a memorandum. Defendant filed some papers with respect to a mortgage (a matter we need not pursue), but no factual affidavits. Instead, he filed a memorandum of counsel, the presently pertinent part reading,

"[T]here are many issues of fact presented by the pleadings * * *. [W]here there are contested questions of material facts, summary judgment must be denied. 28 U.S. C.A. Rule 56 page 382 et seq."

■ The page reference makes clear that counsel was referring to the 1948 enactment of F.R.Civ.P. 56, which has been interpreted by the Third Circuit, the First Circuit contra, as permitting reliance upon the pleadings to show that facts are "contested" within the meaning of this rule. By the 1963 amendment of Rule 56(e) this construction was expressly rejected and is no longer open in any circuit. Counsel's failure to adopt the court's offer to receive counter-affidavits in 14 days means, therefore, that plaintiff's testimony and affidavit stand uncontradicted and, whether or not they are true in fact, under the plain provisions of the Rule are now no longer contradictable.

■ The court's opinion, insofar as it recognized a duty on the part of the defendant to the plaintiff to insure the vessel because of the undertaking in the charter party itself, seems misplaced. This was a duty assumed in favor of the vessel owner. However, defendant's representation that plaintiff's $6,000 would be used to acquire insurance on the vessel became a binding promise to the plaintiff, effecting a duty to insure (or else to return the money if insurance was unobtainable) upon defendant's receipt thereof. This, as the district court said, stands uncontradicted.

■ The judgment of liability must stand. With respect to damages, defendant properly points out that there is no specific evidence in the record that had the vessel been insured there would have been a payment received by the plaintiff as assignee of the mortgage in the amount of $6,000. We believe that the inference was open. However, we authorize the district court to entertain further proceedings, on the matter of damages only,* if defendant, with reasonable promptness, makes a substantial showing that plaintiff would not have obtained a recovery in that amount. The judgment of the district court is affirmed, subject to further proceedings consistent with this opinion.

---

* The district court is reminded that it can make no changes that do not have our permission. Wilson Research Corp. v. Piolite Plastics Corp., 1 Cir., 1964, 336 F.2d 303.