In the Matter of A. MUSTO CO., INC. and William Montouri, as he is Chairman of the A. Musto Co., Inc., Creditors Committee

v.

Neal SATRAN, as he was Trustee in Bankruptcy.

Civ. A. No. 78–0493–J.

United States District Court, D. Massachusetts.

Sept. 27, 1979.

Emmanuel N. Papanickolas, Peabody, Mass., for plaintiff.

Joseph Steinfield, Hill & Barlow, Boston, Mass., for defendant.

RULING ON DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

JULIAN, Senior District Judge.

This case is before the Court for a ruling on the defendant's motion for summary

---

judgment. In support of his motion for summary judgment the defendant has submitted his own affidavit. The plaintiffs did not submit any counter-affidavits and there are no depositions, answers to interrogatories, or admissions on file. Thus, under Fed.R.Civ.P. 56, the Court may refer only to the pleadings and to the defendant's affidavit in ruling on the motion. Because the defendant's affidavit is uncontradicted, the allegations contained in that affidavit must be accepted as true for the purposes of this motion. *Morton v. Browne*, 438 F.2d 1205, 1206 (1st Cir. 1971). The pleadings and the defendant's affidavit disclose the following facts.

On September 15, 1975, the plaintiff, A. Musto Co., Inc. (Musto), filed a voluntary petition under Chapter XI of the United States Bankruptcy Act, docketed as Bankruptcy No. 75–2270–G (the Bankruptcy Case). On May 24, 1976, the Bankruptcy Judge issued an order adjudicating Musto a bankrupt and appointed the defendant, Neal Satran, trustee in bankruptcy. On May 25, 1976, Musto filed a notice of appeal to the District Court from the Bankruptcy Judge's Order of Adjudication. The Bankruptcy Judge's Order of Adjudication was affirmed by the District Court on May 16, 1977.

On August 25, 1976, two applications were filed in the Bankruptcy Case, each seeking the removal of Satran from his position as trustee in bankruptcy. One of the applications was filed by Musto in its own behalf and the other by William Montouri (the other plaintiff in the case at bar) on behalf of Musto's unsecured creditors. The removal applications alleged that Satran's removal was required because he committed various acts in breach of his fiduciary duties as trustee.[1] Evidentiary hearings on the applications for removal were held on November 29, 1976, December 10, 1976, January 24, 1977, and March 18, 1977. Conferences on the removal applications were held on April 4 and 15, 1977. The defendant, counsel for the applicants, and the Bankruptcy Judge were present at those conferences.

On July 26, 1977, acting upon Musto's motion for dismissal of the proceedings, the Bankruptcy Judge entered a two-page order dismissing the proceedings in the Bankruptcy Case. Paragraph 6 of that order reads as follows: "6. All complaints, applications, motions, counterclaims, and all other pleadings filed by the debtor and/or bankrupt in these proceedings upon which a final determination on the merits has not been had, be, and they all are, dismissed with prejudice."[2]

---

1. The application of the unsecured creditors alleged that after an unsecured creditor erected railings at four houses that Musto had completed in Sharon, Massachusetts, the defendant ordered that the railings be removed. The unsecured creditors' application also states that "Neal E. Satran, Esq. is conducting his office as Trustee in Bankruptcy for his own personal benefit and that of other attorneys of secured creditors with whom he has a close-working relationship, but to the adverse interest of A. Musto Co., Inc. and its unsecured creditors."

The application of Musto alleges that: 1) the defendant, without notice to Musto, withdrew an appeal that Musto had filed in a case between Musto and a secured creditor, General Discount Co.; 2) the defendant filed a complaint to sell certain Musto real estate free and clear of all liens and the Bankruptcy Court allowed that complaint; 3) the defendant's first objective was to push for bankruptcy; 4) the defendant, as counsel for Rosenfield Sand & Gravel Co., submitted a $4500.00 claim in excess of the amount due his client and opposed

the Plan of Arrangement without the consent and authority of his client; 5) the defendant stated, to attorneys representing a lender who had approved a secured loan for Musto, that Musto's proposed Plan of Arrangement would not be confirmed and the lender would never have its money returned; 6) the defendant spoke with real estate agents who were arranging financing for Musto and told them that the proposed Plan of Arrangement would not be confirmed; and 7) the defendant acted as Trustee for his personal benefit and other attorneys of secured creditors with whom he has a close-working relationship . . . but more importantly, to the adverse interest of A. Musto Co., Inc."

2. Plaintiffs' attorney, in his letter to the Court dated July 17, 1979, erroneously represented that "only those matters that have reached a final determination on the merits are dismissed with prejudice."

The general language in the above-quoted Paragraph 6, which dismisses all applications "upon which a determination on the merits has not been had . . .", is the only indication in the record that the Bankruptcy Judge acted on the removal applications. He did not issue any findings of fact concerning the removal applications. Neither Musto nor Montouri appealed to the District Court[3] from the order dismissing the proceedings in bankruptcy.

The amended complaint in the case at bar was filed on October 30, 1978. The amended complaint seeks damages from the defendant, Satran, on the theory that Satran, in his capacity as trustee in bankruptcy in the Bankruptcy Case, committed a number of acts in breach of his fiduciary duties.[4] The defendant's uncontradicted affidavit and Exhibit D attached to that affidavit show that the allegations contained in paragraph 14 of the amended complaint are untrue.[5]

Paragraph 6 of the amended complaint does not allege a breach of duties on the defendant's part.[6] Evidence concerning each of the other allegations contained in the amended complaint was presented to

---

3. Rule 801 of the Rules of Bankruptcy Procedure provides for an appeal to the District Court from an order of the Bankruptcy Court.

4. The amended complaint alleges that Satran committed the following acts in breach of his fiduciary duties:

   1) In order to be appointed standby trustee, the defendant "falsely represented to the Bankruptcy Court of his authority to represent certain creditors as to the true sums due said creditors." (sic);
   2) The defendant, while funds were available to him, failed to maintain property insurance against pipe freeze-up on Musto real estate;
   3) The defendant, while funds were available to him, failed to maintain theft insurance on Musto property.
   4) The defendant, while funds were available to him, failed to pay real estate taxes to the Town of Sharon, which has placed tax titles on Musto's real property;
   5) The defendant, while funds were available to him, failed to pay banks under construction loans, thus causing the banks to seek foreclosure;
   6) The defendant failed to sell three houses in Sharon;
   7) The defendant failed to secure adjustments due the plaintiffs at a real estate sale of Musto property;
   8) The defendant failed to collect rent due on rented Musto property;
   9) The defendant failed to introduce a motion in the Bankruptcy Court to void an alleged real estate mortgage given to an insurance company.

5. Paragraph 14 of the amended complaint charges that Satran failed to introduce a motion in the Bankruptcy Court to void an alleged real estate mortgage given to an insurance company. The defendant's uncontradicted affidavit states that Paragraph 14 is incorrect and refers to Exhibit D to the defendant's affidavit, a copy of the Bankruptcy Court's Amended Order on Trustee's Complaint to Sell Real Estate, dated September 14, 1976. The Order shows that the defendant moved for and was granted permission to sell certain real estate free and clear of the mortgages of Century Fire and Marine Insurance Co. and Canton Institution for Savings. As was previously noted, the plaintiffs did not respond to the defendant's affidavit as required by Fed.R.Civ.P. 56(e) by filing counter-affidavits or any other response permitted by Rule 56. *See Matney v. First Protection Life Insurance Co.*, 73 F.R.D. 696 (W.D.Va.1977). Consequently, the Court accepts the allegations in defendant's affidavit as true and finds that there is no genuine issue of material fact relating to the defendant's introduction of a motion in the Bankruptcy Court to void an alleged real estate mortgage given to an insurance company.

6. Paragraph 6 of the amended complaint states that the defendant was wrongfully appointed trustee in bankruptcy. The plaintiffs contend in Paragraph 6 that the defendant's appointment violated Rule 204 of the Rules of Bankruptcy Procedure because the creditors failed to receive notice from the Bankruptcy Court prior to the appointment. The Rules of Bankruptcy Procedure, including Rule 204, do not provide that creditors must be given notice prior to the appointment of a trustee. Rule 203(a)(1) of the Rules of Bankruptcy Procedure provides that the Bankruptcy Court must give ten days' notice of any meeting of creditors, including a meeting at which the trustee is elected. However, the duty imposed by Rule 203 is imposed upon the Bankruptcy Court, not upon the trustee. Because the defendant had not even been appointed trustee at the time notice was required, he did not have any fiduciary duties as trustee at that time. Thus, Paragraph 6 of the amended complaint does not allege a dereliction of duties on the part of the defendant.

the Bankruptcy Judge at the removal hearings.[7]

The defendant filed his motion for summary judgment on May 1, 1979. The motion states that the amended complaint is barred by the doctrine of res judicata and that the amended complaint fails to comply with the requirements of Fed.R.Civ.P. 8(a) because it does not contain a statement of the grounds upon which the Court's jurisdiction depends. Because the Court must have jurisdiction over the subject matter of the action before it can rule on the motion for summary judgment, the jurisdictional question will be addressed first.

### Jurisdiction

The plaintiffs' amended complaint does not contain the jurisdictional statement required by Fed.R.Civ.P. 8(a). Ordinarily such a defect in the complaint does not require dismissal because of the liberality of the Federal Rules of Civil Procedure toward amendments. 5 *Wright & Miller*, Federal Practice and Procedure § 1214 at 106. Here, however, the jurisdictional prerequisites do not appear anywhere in the amended complaint. Furthermore, even if the plaintiffs were given another opportunity to amend their complaint, they would be unable to cite an adequate basis for the Court's jurisdiction.

Neither of the "general" provisions for the original[8] jurisdiction of the district courts (28 U.S.C. § 1331 [federal question] and 28 U.S.C. § 1332 [diversity of citizenship]) is relevant here. The amended complaint alleges that Musto is a Massachusetts corporation with offices at 14 Beacon Street in Boston, Massachusetts. It also alleges that the defendant is an attorney, licensed to practice in Massachusetts, with offices at 7 Water Street, Boston, Massachusetts. Thus, the suit is between citizens of the same state and the Court's diversity jurisdiction may not be invoked. The Court's

federal question jurisdiction is also inapplicable. The fact that a former trustee in bankruptcy is a party does not give rise to a federal question. *Spencer v. Duplan Silk Co.*, 191 U.S. 526, 531, 24 S.Ct. 174, 48 L.Ed. 287 (1903); *Newland v. Edgar*, 362 F.2d 911, 913 (9th Cir. 1966).

There are various particular grants of jurisdiction to the district courts scattered throughout the Code (*See* Historical and Revision Notes to 28 U.S.C.A. § 1332), but the Court is not aware of any which would confer jurisdiction here. During oral argument plaintiffs' counsel stated that he could think of only one basis for the Court's jurisdiction over this action, namely, § 11(a) of the Bankruptcy Act, 11 U.S.C. § 11(a), which grants to federal courts "such jurisdiction at law and in equity as will enable them to exercise original jurisdiction *in proceedings under this title* . . ." 11 U.S.C. § 11(a) (Emphasis added). However, the plaintiffs' present claims, which are based on the defendant's alleged breach of his fiduciary duties, do not arise under Title XI (the Bankruptcy Act). The bankruptcy proceedings involved here have already been terminated. The present case is not a proceeding under Title XI. Therefore, § 11(a) of Title XI, which grants jurisdiction to federal courts only "in proceedings under this title . . ." is not applicable to this case.

Because of the plaintiffs' failure to meet the requirements of Fed.R.Civ.P. 8(a), and their failure to state grounds that constitute a basis for the Court's jurisdiction, this case must be, and hereby is, dismissed for want of subject matter jurisdiction, pursuant to Fed.R.Civ.P. 12(h)(3).

### Res Judicata

In the event that the Court's holding that it has no jurisdiction over the subject matter of this action is reversed or is ineffectu-

---

7. *See* Affidavit of Neal E. Satran, p. 2–4.

8. The present case is not an appeal to this Court from an order of the Bankruptcy Court. Rather it is an original action, filed in this Court, alleging that the defendant caused dam-

age to the plaintiffs by breaching his fiduciary duties as trustee. Therefore, only the original jurisdiction of the district courts is relevant here.

al for any other reason, the Court will also rule alternatively on the defendant's motion for summary judgment based on res judicata, such ruling to take effect only if the jurisdictional holding cannot stand.

The doctrine of res judicata was explained as follows in *Lawlor v. National Screen Service Corp.*, 349 U.S. 322, 75 S.Ct. 865, 99 L.Ed. 1122 (1955):

> [U]nder the doctrine of *res judicata*, a judgment "on the merits" in a prior suit involving the same parties or their privies bars a second suit based on the same cause of action. 349 U.S. at 326, 75 S.Ct. at 867.

■ Final orders of the Bankruptcy Court are res judicata of all matters that were or could have been litigated before the Bankruptcy Court. *Chicot County Drainage District v. Baxter State Bank*, 308 U.S. 371, 377, 60 S.Ct. 317, 84 L.Ed. 329 (1940); *United States v. Estes*, 448 F.Supp. 971, 975 (N.D.Tex.1978).

The parties in the case at bar are identical to the parties in the removal proceedings. However, Paragraph 6 of the order dismissing the bankruptcy proceedings only dismisses applications "filed by the debtor and/or bankrupt." Thus, the final order involved here applies only to Musto, not to Montouri. Res judicata does not apply to bar Montouri's claim because there is no evidence that the Bankruptcy Court ever issued a final order with respect to Montouri's removal application. In the absence of such a final order res judicata does not apply.

Because the final order involved here does apply to Musto, res judicata is applicable to Musto's claims if certain prerequisites are met. First, the parties in the present case must be the same as those involved in the removal proceedings. There is no question about the identicality of the parties here.

■ Second, the claims made in the amended complaint in this case must be identical to those made in the removal proceedings.[9] The critical inquiry in determining whether two claims are identical for res judicata purposes is whether the facts underlying the claims are identical. *Expert Electric, Inc. v. Levine*, 554 F.2d 1227, 1234 (2d Cir.), *cert. denied*, 434 U.S. 903, 98 S.Ct. 300, 54 L.Ed.2d 190 (1977). Because the factual predicate of the claims asserted determines whether two claims are identical, the applicability of res judicata is not affected by the fact that the plaintiff's second claim might seek a different remedy or proceed under a different legal theory. *Williams v. Ward*, 556 F.2d 1143, 1154 (2d Cir.), *cert. dismissed*, 434 U.S. 944, 98 S.Ct. 469, 54 L.Ed.2d 323 (1977); *Acree v. Air Line Pilots Association*, 390 F.2d 199, 201 (5th Cir.), *cert. denied*, 393 U.S. 852, 89 S.Ct. 88, 21 L.Ed.2d 122 (1968). In the present case the defendant's uncontradicted affidavit demonstrates that the facts underlying Musto's present claims are identical to those involved in the removal proceedings before the Bankruptcy Court. Thus, the claims made in this case are identical to those raised in the removal proceedings.

■ Third, the final order in the Bankruptcy Case must be a judgment on the merits. Musto contends that because the Bankruptcy Judge did not issue findings of fact on the removal applications he therefore did not rule on the merits of the applications.[10] However, the absence of detailed findings of fact does not prevent applica-

---

9. Compare the claims in footnote 2, *supra*, with those recited in footnote 4, *supra*.

10. Although it might have been preferable for the Bankruptcy Judge to issue findings of fact on the removal applications, the Rules of Bankruptcy Procedure do not require that findings of fact be issued on such applications. Rule 752 of the Rules of Bankruptcy Procedure states that "Findings of fact and conclusions of law are unnecessary on decisions of motions under these rules . . .". Rule 901 of the Rules of Bankruptcy Procedure states that " 'Motion' means an application to the court for an order in an adversary proceeding or in a proceeding on a contested petition, to vacate an adjudication, or to determine any other contested matter." Because the removal proceedings were a contested matter, the removal applications were motions under the Rules of Bankruptcy Procedure and thus, findings of fact were unnecessary.

tion of the doctrine of res judicata. *Napa Valley Elec. Co. v. Railroad Comm.*, 251 U.S. 366, 371–73, 40 S.Ct. 174, 64 L.Ed. 310 (1920); *Kaufman v. Somers Board of Education*, 368 F.Supp. 28, 33 (D.Conn.1973). The requirement that the prior judgment be "on the merits" before the doctrine of res judicata applies distinguishes between cases decided on procedural grounds and cases decided "on the merits." Here there is no indication that the Bankruptcy Judge was ruling on a procedural ground. On the contrary, the order of the Bankruptcy Judge specifically dismisses "with prejudice" all applications "upon which a final determination *on the merits* has not been had." (Emphasis added.) The order was tantamount to a ruling by the Bankruptcy Judge that the defendant did not perform his duties as trustee for his own benefit and thus did not breach his fiduciary duties. The specific wording of the order put Musto on notice that, unless it appealed from the order of the Bankruptcy Judge, it would be barred from raising its claims again. Nevertheless, Musto did not appeal from the order dismissing the proceedings as it had the right to do under Rule 801 of the Rules of Bankruptcy Procedure.

Thus, all the prerequisites for application of the doctrine of res judicata to Musto's claims have been met in this case. In *Heiser v. Woodruff*, 327 U.S. 726, 66 S.Ct. 853, 90 L.Ed. 970 (1946), the Supreme Court noted that res judicata "is founded upon the generally recognized public policy that there must be some end to litigation and that when one appears in court to present his case, is fully heard, and the contested issue is decided against him, he may not later renew the litigation in another court." 327 U.S. at 733, 66 S.Ct. at 856. In this case Musto had an adequate opportunity to present its claims to the Bankruptcy Court, where the contested issue was decided against it. It had another opportunity to present its claims by appealing to the District Court from the order of the Bankruptcy Court, but it did not appeal. By failing to appeal, Musto forfeited its right to a review of the Bankruptcy Court's action. Public policy, as expressed in the doctrine of res judicata, militates against allowing the plaintiffs to have their claims adjudicated once again in another court.

In the event that the Court's holding that it has no jurisdiction over the subject matter of this action is reversed or is ineffectual for any other reason, the Court concludes that the prerequisites for the application of res judicata have been met in Musto's case and the defendant's motion for summary judgment against Musto must be granted. However, because of the plaintiffs' failure to state grounds that constitute an adequate basis for the Court's jurisdiction, the amended complaint must be and hereby is dismissed for want of subject matter jurisdiction, pursuant to Fed.R.Civ.P. 12(h)(3).